**Kathleen Dolores GORI, Appellant,**

v.

**Peter John GORI, Respondent.**

No. 34612.

Missouri Court of Appeals,
St. Louis District.

Jan. 9, 1973.

Lawrence O. Willbrand, St. Louis, for plaintiff-appellant.

Leadlove, Byrne & Daly by Earle B. Leadlove, St. Louis, for defendant-respondent.

CLEMENS, Judge.

Plaintiff-wife appeals from an order reducing her allowance for support of two children from $90 to $40 a week. The issue: Once a divorce decree has been modified by *increasing* child support allowances, may the court on a later motion to modify *reduce* that amount solely on the ground the prior increase was based on incorrect evidence? We say no and reverse the order.

Three judicial events are pertinent: (1) March 24, 1966 plaintiff was awarded a divorce, custody and $45 a week child support; (2) April 23, 1971 on plaintiff's motion the allowance was increased to $90 a week; (3) December 20, 1971 on defendant's motion the allowance was reduced to $40 per week. Plaintiff appeals from that order.

The first modification, April 23, 1971, was based on plaintiff's evidence that the needs of the children had expanded and defendant's gross income had gone up from $6,000 in 1966, the year of the divorce, to between $10,500 and $12,000 in 1970. The evidence warranted the increased allowance to $90 a week and defendant did not appeal.

Six months later defendant filed the present motion to modify, seeking to reduce the previous increase, contending "the testimony of plaintiff in regard to defendant's earnings was incorrect. Defendant's present earnings are substantially less than as testified to by plaintiff on April 23, 1971 and constitute a substantial change in conditions." We conclude the essence of defendant's present motion to modify is that plaintiff's previous motion to modify—which he did not contest and from which he did not appeal—was based on incorrect evidence about his 1970 gross income.

Defendant testified his actual gross income for 1970 was $10,800 and that he was in financial straits after paying the $90 weekly allowance. The court again modified the decree by lowering the weekly allowance from $90 to $40, even though defendant's evidence showed no income changes occurring after the April 1971 modification.

A motion to modify a divorce decree is an independent proceeding. The

movant—defendant here—may succeed only on evidence of new conditions occurring since the last preceding decree of modification. Samland v. Samland, Mo.App., 277 S.W.2d 880 [1–4]; Wilton v. Wilton, Mo. App., 235 S.W.2d 418 [2–4]. Defendant had no such evidence. The preceding modification was a final judgment, unappealed from, and was res judicata as to all matters then adjudicated, including the $90 weekly child support allowance. Hurley v. Hurley, Mo.App., 284 S.W.2d 72 [1]; Hawkins v. Thompson, Mo.App., 210 S.W. 2d 747 [2]. Since defendant failed to show a change in circumstances occurring after the original modification the trial court erred in granting his present motion to modify.

The order appealed from is reversed.

DOWD, C. J., McMILLIAN, J., and MEYER, Special Judge, concur.