Clyde C. SPICER and Dessie D. Spicer, his wife, and Ronnie Hamlett, Plaintiffs-Respondents,

v.

T.C. FARRELL, Defendant-Appellant.

No. 12848.

Missouri Court of Appeals, Southern District, Division Three.

April 19, 1983.

Mark J. Pelts, Kennett, for plaintiffs-respondents.

John W. Nichols, Kennett, for defendant-appellant.

PREWITT, Judge.

Plaintiffs Spicer filed suit on May 6, 1982, seeking to oust defendant from possession of approximately 34 acres of farmland which they owned. Plaintiff Hamlett rented the farmland from plaintiffs Spicer for 1982. Defendant, who had orally leased the land in previous years, answered and filed a "Cross-Petition for Declaratory Judgment", contending that he had not been given proper notice to vacate and was entitled to possession of the land in 1982. The trial court found that plaintiffs were enti-

tled to possession of the land and entered an injunction prohibiting defendant from interfering with plaintiffs' possession and denied all other relief sought by the parties. Defendant appeals.

On appeal defendant contends that the trial court erred in denying his request for a declaratory judgment. In his brief defendant acknowledges that "the question of possession of the subject property for the 1982 year is now moot," but contends that a declaratory judgment should have been entered deciding "the question of what rental payments are due Appellant from Respondent Hamlett and what rental payments are due from [sic] Respondents Spicers from Appellant for the 1982 year".

Plaintiffs Spicer did not request any rental payments from defendant in their pleadings and defendant did not allege in his pleadings that he was entitled to any rental payments from Hamlett. Defendant alleged that he "has never sub-leased said property to anyone, including Plaintiff Hamlett, but has engaged Plaintiff Hamlett to cultivate said property for him on a share crop basis" and that defendant "has not engaged Plaintiff Hamlett to cultivate said property for him for the year 1982." Although making a general request for relief as a part of his request for declaratory judgment, in his pleadings defendant did not specifically ask for any determination regarding rental payments.*

▆ Defendants' pleadings and factual contentions at trial are contrary to a claim that Hamlett would owe him rent. He pleaded that Hamlett had not been his tenant and was not working for him or leasing the land from him in 1982. On defendant's pleadings and theory at trial he would not be entitled to "rental payments" from Hamlett and he cannot now change his contentions on appeal. Where a declarato-

---

* Defendant's prayer for declaratory judgment stated:

"WHEREFORE, Defendant prays that this court declare the rights and obligations of the parties; to adjudge that the aforementioned lease between Defendant and Plaintiffs' Clyde C. and Dessie D. Spicer to be in full force and effect for the year 1982, and that Defendant

have the peaceful use and possession of said property for said year; to adjudge that Plaintiff Hamlett has not been and is not a sub-tenant of Defendants' and does not hold said property as leassee [sic] of Defendant; and, as to the questions referred to herein, to give such further relief by way of a declaration of rights of the parties as may be lawful, just and proper."

ry judgment action is presented to the trial court by a party on a certain theory, that party cannot take an opposite position on appeal. *Hendrickson v. Cumpton*, 632 S.W.2d 512, 515 (Mo.App.1982). On appeal a party is bound by the position he took in the circuit court; an appellate court will review a case only upon the theory tried. *In re Marriage of Hunter*, 614 S.W.2d 277, 278 (Mo.App.1981).

■ Assuming that declaratory judgment would ordinarily be appropriate in a similar situation, here, based on defendant's pleadings and theory at trial, there was no error in the trial court not declaring whether plaintiff Hamlett owed defendant rent and as plaintiffs Spicer sought no rental payments from defendant there was no error in the trial court not entering a declaratory judgment regarding that question.

The judgment is affirmed.

GREENE, C.J., CROW, P.J., and FLANIGAN and MAUS, JJ., concur.