**Harvey F. EUGE, Plaintiff-Appellant,**

v.

**James F. GOLDEN, et al.,
Defendants-Respondents.**

No. 45630.

Missouri Court of Appeals,
Eastern District.
Division One.

Aug. 2, 1983.

Motion for Rehearing/Transfer to
Supreme Court Denied Sept. 15, 1983.

Application to Transfer Denied
Oct. 18, 1983.

Harvey F. Euge, pro se.

Dennis H. Tesreau, Wegmann, Gasaway, Stewart, Schneider, Dickhaner, Tesreau, Stoll, P.C., Hillsboro, for defendants-respondents.

KAROHL, Judge.

Appellant, Harvey Euge appeals, pro se, from a judgment refusing to set aside a trustee's deed in foreclosure. Mr. Euge did not appeal the adverse judgment on defendants' counterclaim declaring the purchaser at trustee's foreclosure sale (respondents Mr. and Mrs. Golden) to have fee simple absolute title and restraining appellant, his heirs, successors and assigns from claiming any interest in the property.

On June 22, 1972, appellant Harvey Euge, using the name Al Joe Frankson, purchased the real estate and building located at 4855 Lemay Ferry Road, St. Louis County, Missouri. He purchased the property and received title by a general warranty deed from respondents, Joseph Golden and Esther Golden, his wife. The deed recited that the property was subject to an existing deed of trust securing a note of $20,000 owed by Mr. and Mrs. Golden to Mrs. Golden's brother, Gerald Costner. Appellant paid $650 as a down payment and assumed the existing note requiring him to pay $133 per month until May 1, 1973, when the note was to be paid in full. In addition, appellant agreed to pay one-half of the 1972 real estate taxes. Appellant made no payments on the note and did not pay his portion of the real estate taxes.

In 1974, Gerald Costner, the holder of the note, directed the trustee, defendant W. Dwight Shubel, to institute foreclosure proceedings. Mr. Shubel began the foreclosure process. Subsequently, Mr. Euge recorded a quit claim deed from Al Joe Frankson to Harvey Euge. The trustee reinstituted foreclosure proceedings in the name of Harvey Euge by a new notice and advertisement. The deed of trust and the foreclosure notice provided that on April 9, 1974 Mr. Shubel would sell to the highest bidder for cash. Appellant was present at the foreclosure but did not bid. The Goldens appeared and made the only bid of $15,000, representing the approximate balance due on the existing note. Following the foreclosure sale respondents Mr. and Mrs. Golden gave a new note and deed of trust to Costner. In 1975, the Goldens paid in full the new note and deed of trust by transferring to Costner Arkansas real estate having a value of more than $15,000.

Appellant filed suit challenging the validity of the foreclosure sale alleging fraud on the part of the Goldens, Shubel, and Costner. Although Costner was a named defendant he was never served. The petition, in three counts, requested the court to set aside the trustee's deed, to award damages for fraud and to award damages for slander of title. The trial court, with the consent

of appellant, dismissed both claims for damages with prejudice. The trial judge found in favor of defendants Golden and refused to set aside the trustee's deed.

Defendants Mr. and Mrs. Golden and Shubel, the trustee, filed a counterclaim requesting the trial court to declare the Goldens have fee simple absolute title and to restrain appellant his heirs, successors and assigns from claiming any interest in the subject real estate. The trial court found in favor of the Goldens and against appellant on their counterclaim. The judgment on the counterclaim was not appealed.

■ Appellant's pro se brief, does not comply with Rule 84.04 in that the statement of facts is not a concise statement of the relevant facts (Rule 84.04(c)), the points relied on do not specifically state why and in what manner the ruling of the trial court was erroneous (Rule 84.04(d)), and there are no page references to the transcript in the brief (Rule 84.04(h)). *See Thummel v. King,* 570 S.W.2d 679, 684–90 (Mo. banc 1978). Accordingly, appellant has preserved nothing for review and his appeal is subject to dismissal.

However, with the assistance of the statement of facts in respondents' brief and by a review of the transcript and legal file, we discerned the relevant facts. It appears that appellant's complaint in Count I was that the Goldens, Costner, as holder of the note, and Shubel, as trustee, conspired to advertise a trustee's foreclosure sale for cash but permitted the Goldens to make payment by a new note and deed of trust in lieu of cash. We find no error in the court's judgment on Count I of the petition. Accordingly, we affirm.

■ The trial court judgment will not be overruled unless there is no substantial evidence to support it, it is against the weight of the evidence, it erroneously declares the law or it erroneously applies the law. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976).

Defendants Mr. and Mrs. Golden were the only bidders at the trustee's sale. There is no evidence that they did not bid intending to make payment of cash. There is evidence that after the Goldens' successful bid a trustee's deed and a new note and deed of trust were recorded. There is no evidence that this form of transaction was agreed to before the sale.

■ The true question in a sales case is whether there has been a fair and reasonable compliance with the terms of the sale and a bonafide disposition of the property. *Chas. Green Real Estate Co. v. St. Louis Mut. House Bldg. Co.,* 196 Mo. 358, 93 S.W. 1111, 1115 (Mo.1906). Here there was a bonafide disposition of the property. There was no evidence of collusion between the defendants. Mr. Costner, the unserved defendant, testified for appellant Mr. Euge. The fairness of the amount bid is not contested. The amount of the bid represented the balance due on the note. In fact, Mrs. Golden testified that she bid on the property to insure that the debt to her brother would be resolved.

■ Further, there is no contention that appellant and others were not free to bid at the sale or that they failed to bid by reason of any deception. Appellant correctly asserts that he was entitled to bid at the foreclosure. However, he also maintains he should have had the opportunity to make payment by a note and deed of trust to Costner. This position is untenable. Appellant defaulted on the original note and deed of trust provoking the foreclosure. He never made a single monthly payment. There is no reason to believe that Costner would extend any credit to appellant and appellant presented no evidence that he could have obtained credit from Costner.[1]

■ The trial court could not have found the trustee's deed on foreclosure invalid for the further reason that all necessary parties for such judgment were not before the court. *Leyden v. Owen,* 150

---

1. We do not reach the issue of the validity of a trustee's sale other than for cash where there are other cash bidders or where the holder of

the note or the trustee so act as to lead the debtor to believe he will be protected if he does not bid.

Mo.App. 102, 114–15, 129 S.W. 984, 987–88 (1910). In an action to set aside a foreclosure sale and to cancel the trustee's deed all the parties to the instrument sought to be cancelled must be parties to the action unless it is obvious that the one not joined had no interest in the subject matter of the suit. *Casper v. Lee,* 362 Mo. 927, 245 S.W.2d 132, 138 (banc 1952). The deed of trust assumed by appellant and the trustee's deed indicate that defendants Mr. and Mrs. Golden deeded the property to defendant Shubel as trustee, on behalf of defendant Costner. Defendant Shubel had been served but died before trial and no substitution was made.[2] Defendant Costner, the holder of the note and deed of trust, the secured party on the deed of trust, was a named defendant but was never served. Hence, he was not a party to the action. *St. Ferdinand Sewer Dist. v. Turner,* 208 S.W.2d 85, 87 (Mo.App. 1948). By reason of the absence of defendant Costner, a necessary party, the trial court did not have jurisdiction to grant appellant relief on Count I of his petition. *Kidd v. Schmidt,* 345 Mo. 645, 136 S.W.2d 72, 74 (1939).

Finally, the effect of the judgment on the counterclaim is to vest fee simple title in respondents Golden. This judgment was not appealed.

For all the above reasons we affirm the judgment of the trial court.

SIMON, P.J., and STEPHAN, J., concur.

---

**2.** In *Casper v. Lee,* 362 Mo. 927, 245 S.W.2d 132, 138 (banc 1952) the court held that the trustee was not a necessary party because the controversy there could be resolved without his presence. In the case at bar the trustee, Mr. Shubel, was originally joined as a defendant but he died prior to trial and no substitution was made. As *Casper* noted, 245 S.W.2d at 138, it is customary to join the trustee as a party defendant. However, when the trustee is not a necessary party whose presence is essential to render a complete determination of the controversy the trustee's absence does not render the foreclosure invalid. 245 S.W.2d at 138–39. While Mr. Shubel participated in the creation of the deed, its validity can be and was ascertained without his presence.