**Stanford Mont FRIEND,
Petitioner-Respondent,**

v.

**Nelda Lee (Friend) JACKSON,
Respondent-Appellant.**

**No. 14212.**

Missouri Court of Appeals,
Southern District,
Division Two.

Aug. 26, 1986.

No appearance for petitioner-respondent.

Van A. Miller, Waynesville, for respondent-appellant.

C. DAVID DARNOLD, Special Judge.

Appellant-mother appeals from the trial court's order changing child custody to the respondent-father. Toby Lane Friend, born December 23, 1975, a male child, and April Dawn Friend, born April 7, 1978, a female child, are the subjects of this custody battle.

The appellant's contention on appeal is that the trial court erred in changing custody because there was no substantial evidence to support said order, that it was against the weight of the evidence, and that it was based on an erroneous declaration of law.

The trial transcript reveals that the parties were married in June of 1973. This was the second marriage for the respondent, and the third marriage for the appellant. Both parties had children by previous marriages. The parties were separated in June of 1981. At that time Toby was five and April was three. A few months thereafter the children moved in with the respondent and his girl friend in Springfield, Missouri.

The divorce decree gave custody to the appellant. On the day of the divorce, which was February 26, 1982, the parties had coffee at a local restaurant and discussed the physical custody of the children. At that time the appellant and the respondent decided that it would be in the best interest of the children that they stay with the respondent, as the appellant was not in a position to take care of the children at that time.

The respondent testified that the appellant had told him that she wanted custody, but that she couldn't take care of the children, and that respondent could have them and keep them as they were happy, and everything was going fine, and she did not want to disrupt their lives. He testified that just shortly after separation from appellant, while he had the children, the appellant had some drinking problems and admitted herself into Park Central Hospital. Appellant testified that it was true that she did allow the respondent to have the children, but thereafter she wanted them back. She testified that the reason the respondent had custody before the divorce, up to the time of the divorce, and after the divorce, was that he threatened and harassed her and she was afraid to get the children.

In March of 1982 the respondent married his girl friend, Gwen, who is his present wife. The respondent, his wife, her two children, and Toby and April continued to live in Springfield. The children attended school in Springfield. There was testimony that the children did fine in school, made good grades, and that respondent attended the parent-teacher conferences.

Appellant testified that she did visit the children several times a year, and that she had them on several weekends, during Christmas holidays, and several weeks in the summer. Respondent testified that the appellant did not see the children more than two or three times a year, around Christmas time, and a week or two in the summer. Respondent stated that appellant brought the children back to him earlier than they had both agreed on from the summer visits. Respondent testified that the longest single period of time, from the date of the decree until August 16, 1984,

that the mother had the children was two-and-one-half weeks.

On August 16, 1984, appellant appeared at the respondent's home while respondent was working, picked up the two children and their clothes, took them back to Waynesville or Fort Leonard Wood, and left them with a baby sitter for the night. On August 17, 1984, she and Mr. Jackson went to Miami, Oklahoma, and got married. The next day, the respondent talked to the appellant and was told by her that she had the children and that she was going to keep them.

Respondent testified that in his opinion the children's overall attitude toward him changed completely after the appellant took the children. He testified that they now seem to be emotionally upset when he picks them up, however, they settle down after he has them for a short period of time. Respondent's present wife, Gwen, testified that she got along fine with the children, and that the children got along fine with her children during the period from before the divorce in February 1982, until the time the appellant took the children. Gwen also felt that the children's attitudes had changed since the appellant took custody of them. She stated that they no longer wanted to mind and they had discipline and attitude problems since they had moved in with appellant.

Respondent has a three-bedroom house. The boys share a bedroom and the two girls share another bedroom. The appellant's home has three bedrooms and each of the children have a bedroom of their own.

The boy stated that he got along fine with both his stepfather and with his stepmother. He preferred to have a room of his own by himself, but preferred to go to school in Springfield. He testified that he had friends both places. He said that he did not have any problems either with his mother or his dad, and that he loved them both. The daughter testified that she liked her stepmother and her stepfather and that she had friends at both schools, but preferred the Fort Leonard Wood School. She indicated that she liked the house in Springfield over the house in Fort Leonard Wood because there were a lot of other houses around. She liked having her own room at her mother's. Neither child had a strong preference either way as to which parent they preferred to live with.

■ In reviewing this case we must sustain the trial court's decision unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law. *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). Appellant argues that the trial court in sustaining a modification must find circumstances so substantial and continuing as to make the original terms unreasonable. This is the language of Section 452.-370, RSMo. Supp. 1984, which concerns a modification of *support*. That particular section, and the cases cited in appellant's brief using that language, are not controlling on a modification involving *custody*. Section 452.410, RSMo. Supp. 1984, is the statute which controls change of custody. That section requires the court to find, upon the basis of facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child or his custodian and that the modification is necessary to serve the best interest of the child.

■ There is value in children being kept with the parent who has had custody for a long period of time, as against uprooting them and transplanting them into a new home. *Schmidt v. Schmidt*, 591 S.W.2d 260, 262 (Mo.App.1979); *Clouse v. Clouse*, 545 S.W.2d 402, 407–408 (Mo.App.1976). The children had lived with respondent for several months prior to the original dissolution in February of 1982, and for almost two-and-one-half years after the dissolution, until August 16, 1984. The children were established in the school and community. The appellant admitted at trial that she acquiesced in the physical custody of the children being with the respondent for over two-and-one-half years. According to

her testimony, she made no great effort to get the children back until the summer of 1983. Appellant did not get the children until August of 1984.

Since shortly before the dissolution, the respondent has maintained a stable relationship with his children, and has taken the responsibility of caring for them. He has demonstrated a long-term commitment to the children's welfare and has had a longer history of concern than has the appellant. See *Knoblauch v. Jones*, 613 S.W.2d 161 (Mo.App.1981). There are several Missouri cases which hold that when the custodial parent relinquishes real and actual care and custody of the children to the grandparents, it is sufficient to authorize a change of custody to the non-custodial parent. See *Rolf v. Dennis*, 615 S.W.2d 668 (Mo.App.1981); *In re Marriage of Maupin*, 600 S.W.2d 686 (Mo.App.1980). Here the case is even stronger as the appellant abdicated her custody rights in favor of the respondent before the dissolution and for a substantial period of time thereafter. Modification is proper in this case under Section 452.410, RSMo Supp. 1984, as a significant change of circumstances with regard to the welfare of the children was demonstrated by the appellant, as custodial parent, in allowing the children to stay with the respondent for such an extended time. See *Morrison v. Morrison*, 676 S.W.2d 279 (Mo.App.1984).

In this case the real and actual custody was with the respondent from shortly after the separation in June of 1981, until August 16, 1984. The children were established in their home, school, and community. The trial court's granting of respondent's motion to modify is only affirming and ratifying, on paper, legal custody in the respondent. This court must give due deference to the trial court's ability to judge the credibility of the witnesses, and to believe or disbelieve part or all of any oral testimony.

We believe the best interests of the children would be to leave them with their father, the respondent.

The judgment is affirmed.

PREWITT, C.J., and HOGAN, J., and FLOYD McBRIDE, JOHN C. HOLSTEIN, and EUGENE E. REEVES, Special Judges, concur.