**Marilee STEGER, Appellant,**

v.

**Charles O. STEGER, Respondent.**

No. 50917.

Missouri Court of Appeals,
Eastern District,
Division One.

March 24, 1987.

Rehearing Denied April 23, 1987.

Marilee Steger, pro se.

John B. Kistner, Jr., St. Louis, for respondent.

CRIST, Judge.

After wife sought to execute on husband's property, in an attempt to collect unpaid child support, husband moved to quash execution. The trial court granted husband's motion and determined the amount of arrearages. We affirm.

The parties' marriage was dissolved June 30, 1972. Wife was awarded custody of the parties' five children, all minors at the time, and husband was ordered to pay child support. Wife's motion to increase child support for the two youngest children was granted, by default, May 31, 1983. In 1985, after husband filed a motion for cus-

tody of one of the parties' children, wife began proceedings to execute on husband's property to satisfy child support arrearages. Between the dissolution and the attempted execution, all but one of the children left wife's custody; the eldest by emancipation, the other three by moving in with their father.

Husband, has moved for dismissal asserting wife's brief is in violation of Rule 84.04. He is correct. Wife, who is appealing *pro se,* is required to follow the rules of the court the same as any one else submitting a brief. *See e.g. Euge v. Golden,* 657 S.W.2d 689, 691[1] (Mo.App.1983). A statement of facts which simply consists of a liturgy of complaints about wife's numerous attorneys, a point relied on that does not indicate wherein and why the trial court erred, authorities without cites, and an argument that does not relate the facts of the case to any law or policy, do not satisfy Rule 84.04.

Even if we were to ignore the deficiencies in wife's brief, her appeal fails on the merits. As best we can discern, wife asserts she is entitled to past child support regardless of whether she had physical custody of the children or was expending any money for their support. Wife's argument is based on the general rule that only payments to the parent who was awarded custody will satisfy husband's obligation to pay child support. *McClaskey v. McClaskey,* 543 S.W.2d 832, 834[2] (Mo.App.1976). There are exceptions to the general rule. *See Meyer v. Meyer,* 493 S.W.2d 42, 44–46[1, 2] (Mo.App.1973) (father paid less support when children were in his custody). Even in *Buttrey v. Buttrey,* 622 S.W.2d 708 (Mo.App.1981), relied on by wife, support was not sought for periods when the children were in custody of the parent required to pay support.

At the hearing on the motion to quash execution, husband introduced evidence that the three middle children all moved from wife's home into his and that while in his home, or at college, he supported them. The change of physical custody was made with wife's knowledge, after the children satisfied conditions set by wife. The facts

suggest wife consented, at least impliedly, to a de facto change of custody, and waived any claim to support for the children when they were not in her custody. As wife wrote in her "Inrebuttal: Motion of 12/30": "CHILD SUPPORT is a debt owed to caretakers of children in this country."

Judgment affirmed.

SATZ, P.J., and KELLY, J., concur.