Joan K. SCHNEIDER, f/k/a Joan K. Dougherty, Appellant,

v.

Ronald J. DOUGHERTY, Respondent.

No. 53510.

Missouri Court of Appeals, Eastern District, Division One.

March 29, 1988.

Joseph P. Cunningham, III, Festus, for appellant.

David P. Senkel, Hillsboro, for respondent.

CRIST, Judge.

Mother appeals from the modification of the child custody and child support provisions of the parties' dissolution decree. We affirm.

The parties' September 14, 1984 dissolution decree awarded mother primary physical custody of their two minor children. Father was ordered to pay child support of $75 per month per child, and mother was ordered to maintain health insurance for the children. The children asked to stay with father at the end of their summer visit with him in 1986. Both parents consented to the change in the children's primary residence, and mother saw the children on the visitation schedule father had been using. The decree provided for a cessation of child support payments when the children were in father's custody for periods of more than two weeks. Father did not pay support after the children moved in with him in September 1986.

On October 6, 1986, father filed a motion to modify the custody and support provisions of the dissolution decree. Specifically, he requested physical placement of the children be transferred to him, a termination in his child support obligation, a continuation of mother's obligation to provide health insurance, and an order requiring mother to pay child support. He also requested an order enabling him to claim the children as exemptions for income tax purposes.

The trial court transferred custody, granted father the tax exemption, ordered mother to continue providing insurance, and awarded child support of $60 per month per child. Mother challenges all but the custody provisions of the order. Mother and father are both employed. Mother has remarried and her present husband is also employed and contributes to mother's support. Mother's and father's attorneys interpret the evidence of each party's income differently; mother's attorney arguing father's income is higher and mother's lower than father's attorney calculates them to be. Judging the credibility of the witnesses is for the trial court, and we will not disturb the modification order unless it is against the weight of the evidence, is not supported by substantial evidence, or erroneously states or applies the law. *Lyles v. Lyles*, 710 S.W.2d 440, 442 [2] (Mo.App. 1986). The evidence supports the award of child support under the statutory factors set out in § 452.340, RSMo 1986. *Jaudes v. Jaudes*, 715 S.W.2d 329, 332 [3, 4] (Mo.

App.1986). It was also not an abuse of discretion to award father, the custodial parent, the right to claim the children for tax purposes. *See* 26 U.S.C. § 152(e).

In a second point, mother appeals the denial of her motion for a continuance or in the alternative for the exclusion of evidence. The motion was brought in response to father's filing of his income and expense statement the morning of trial, in violation of the Twenty–Third Judicial Circuit's Local Court Rule 68.4. The information found in father's income and expense statement relates only to the last of the factors the court must consider in determining child support. § 452.340(6), RSMo 1986. It is evident from the transcript that mother's attorney was aware of any potential inconsistencies or misrepresentations in father's income and expense statement. Since mother failed to show any prejudice from the late filing, the point is denied. *Anderson v. Anderson*, 667 S.W.2d 24, 24 (Mo.App.1984).

Judgment affirmed.

Gary M. GAERTNER, P.J., and REINHARD, J., concur.

Gary M. Gaertner, P.J., dissented.