**Christine SAEUBERLICH, Appellant,**

v.

**Thomas SAEUBERLICH, Respondent.**

**No. 55843.**

Missouri Court of Appeals,
Eastern District,
Division One.

May 16, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 13, 1989.

Application to Transfer Denied
Aug. 1, 1989.

Lawrence O. Willbrand, St. Louis, for appellant.

Melody E. Noel, St. Louis, for respondent.

CRIST, Judge.

Mother appeals the circuit court's order sustaining father's motion to quash gar-

nishment. The garnishment was issued in an attempt by mother to collect back-due child support. The trial court found that no funds were due to mother from father. We affirm in part, reverse in part, and remand to the trial court.

The marriage of mother and father was dissolved on March 25, 1985. Mother was awarded custody of the parties' two minor children, born February 5, 1980 and August 4, 1983. Father was ordered to pay child support to mother in the amount of $62.50 per child each week. The decree prohibited mother from removing the children from Missouri for more than ninety days or from changing their residence from Missouri without prior specific authorization of the court or the written consent of father.

Father was the only witness at the trial on the motion to quash. He testified that the day following the parties' dissolution, mother moved to Colorado, taking the children with her. In February of 1986, father flew to Colorado to bring the children back to Missouri to live with him. The parties agreed father would have custody of the children, and father would not owe mother any further child support. Father retained custody of the children until July 18, 1987. According to father, he received a telephone call from mother, who was in Missouri visiting with the children, saying she was taking the children to California to live with her. Father protested this move.

Father testified he had paid support up to February, 1986, when he received custody of the children. Father admitted he paid no support while he had custody of the children, or after mother removed them to California.

Mother asserts the trial court erred in quashing her garnishment because her removal of the children from Missouri without court approval or father's consent did not relieve him of his obligation to pay support. Mother further contends father owes support for the time he had custody of the children, and he failed to prove he does not owe for the period prior to his obtaining custody of the children.

As to the period between the decree and the time father obtained custody of the children, the court was entitled to find from father's testimony that he was current in his support obligation at the time he received custody. *Schneider v. Dougherty,* 747 S.W.2d 763, 764[1] (Mo. App.1988). Further, we find father owes no support for the period he had custody of the children. The agreement between mother and father to waive future support is unenforceable, for only the court can modify the support decree. *State ex rel. Division of Family Services v. Ruble,* 684 S.W.2d 949, 951[5] (Mo.App.1985). However, while no credit is generally allowed for support paid other than as ordered by the decree, equitable exceptions to this rule here allow father credit for support he provided directly to the children while in his custody with the express consent of mother. *Anderson v. Anderson,* 684 S.W.2d 942, 943[1, 2] (Mo.App.1985); *Steger v. Steger,* 728 S.W.2d 651, 652[3] (Mo. App.1987). Although enacted after this case arose, our legislature has supported this equitable exception with a recent amendment to § 452.340. *See* 452.340.2, RSMo 1988 Supp. (Noncustodial parent's obligation to make support payments abated for periods of time in excess of thirty days where he/she has custody of a child as a result of the voluntary relinquishment of the custodial parent).

However, as to the period of time after mother regained custody of the children, we must reverse. Father's obligation to support his children was not suspended by mother's failure to comply with the dissolution decree by removing the children from Missouri. § 452.365, RSMo 1986; *Cavins v. Cavins,* 751 S.W.2d 127, 128 (Mo. App.1988); *Hart v. Hart,* 539 S.W.2d 679, 682[4] (Mo.App.1976). The decree had never been modified; no court approval had ever been given to the agreement to terminate father's support obligation. Nor would the evidence support waiver by acquiescence on mother's part, for father gave no consideration when the parties agreed no future support was due. *See Meyers v. Swain,* 748 S.W.2d 418, 419[2] (Mo.App.1988); *Grommet v. Grommet,* 714 S.W.2d 747, 751[5, 6] (Mo.App.1986).

This result is also supported by recent amendments to § 452.340, RSMo 1988 Supp. Section 452.340.6 grants the court power to abate any *future obligation* of support or may transfer custody if it finds the custodial parent has, without good cause, failed to provide visitation or temporary custody to the noncustodial parent pursuant to the decree, *and* the noncustodial parent is current in his support obligation.

We do not condone mother's actions; however, father was not without remedy. Father could have petitioned the court for relief or sought modification of the decree, which he did following the trial on the motion to quash. Because there was no prior modification, father was still obligated to pay support as provided by the decree.

Judgment affirmed as to child support father was obligated to pay up to July 18, 1987. Judgment reversed and remanded as to child support accrued after July 18, 1987.

CRANDALL, P.J., and REINHARD, J., concur.