**Keith L. INDERMUEHLE**
**Plaintiff–Appellant,**

v.

**Dorothy J. (Indermuehle) BABBITT**
**Defendant–Respondent.**

**No. 55387.**

Missouri Court of Appeals,
Eastern District,
Division One.

May 30, 1989.

John L. Woodward, Steelville, for plaintiff-appellant.

Jeffrey W. Schaeperkoetter, Owensville, for defendant-respondent.

CRANDALL, Presiding Judge.

Keith L. Indermuehle (father) appeals from that portion of the judgment of the trial court which denied his motion to modify seeking primary custody of his daughter and denied him credit on his child support obligation to Dorothy J. Indermuehle Babbitt (mother). We reverse and remand with directions.

The marriage of the parties was dissolved on May 7, 1979. Primary custody of Renee Dianne Indermuehle (daughter), who was born on August 11, 1973, was awarded to mother, and father was ordered to pay child support. Mother moved to Florida after the dissolution of marriage. Pursuant to the decree, father paid mother child support while daughter lived with her in Florida. In August 1983 daughter came to live with father and Janice Lambert at their farm in Missouri. Father then stopped paying child support to mother. There was evidence that mother telephoned father and told him that she could no longer handle daughter and would put daughter in a foster home if father did not allow daughter to come and live with him.

Father has lived continuously with Ms. Lambert since the fall of 1979. They have not married because Ms. Lambert receives $1,082 per month, after taxes, from an annuity conditioned upon her not remarrying. Mother was aware of father's living arrangement when she sent daughter to live with him. Mother has not made any attempt to regain physical custody over daughter.

The evidence showed that daughter is well-adjusted, albeit outspoken and strong-willed. She has lived with father for almost five years and wants to continue living with him. She testified that she gets along well with Ms. Lambert. Daughter is on the honor roll at her school, has a part-time job, and helps around the house and farm. She is building a college fund. Daughter testified that her mother has only sent her two gifts since she has lived with father. She testified that one present of clothing did not fit her and when daughter asked mother to exchange it, mother replied by letter that she was not going to send anymore clothes if they were going to be returned, and she had given the present to another eleven year old. Daughter has only visited mother twice since she has lived with father because mother will not pay for the plane fare. Daughter testified that mother told her that she would have to wait to see mother until daughter graduated from high school or college and can pay for her own plane fare. Daughter testified

that mother told her that she quit working while this motion was pending to avoid a possible child support obligation. Mother has remarried and still resides in Florida. Father encourages daughter to write and to telephone her mother. Daughter believes in trial marriages, but she thinks that two people should be married if they plan on having children together.

At the time of trial of this motion father appeared in person and by counsel. Mother appeared only by counsel and did not offer any evidence. The explanation given for her absence was that she was financially unable to appear. She did not file a brief on appeal.

On appeal, we are guided by the standard of review set forth in the oft-cited *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976) and Rule 73.01.

Father first argues that the trial court erred in refusing to transfer legal custody of daughter to him. He alleges that the trial court's judgment was against the weight of the evidence and was based exclusively upon the fact that father was living with a woman to whom he was not married while he had physical custody of his daughter.

It is clear from the evidence that there was a change in circumstances. Daughter had lived with father for almost five years prior to the trial. Daughter had adapted well to the surroundings and desires to remain with her father. Therefore, the only question which remains is whether a modification is necessary to serve daughter's best interests.

Section 452.375.2, RSMo (Supp.1988) delineates the nonexclusive factors which a trial court should consider to determine the best interests of a child in a custody proceeding. Certainly, father's living arrangement with Ms. Lambert was properly taken into consideration by the trial court and is not to be condoned. However, this relationship alone does not make father an unfit custodial parent. *See Wilhelmsen v. Peck*, 743 S.W.2d 88, 93 (Mo.App.1987). Many other factors are relevant to the issue of the best interests of the child.

There is value in a child being kept with the parent who has had custody for a long period of time, as against uprooting her and transferring her to a new environment. *Morgan v. Morgan*, 701 S.W.2d 177, 181 (Mo.App.1985). Ordinarily, this factor mitigates against a modification of a custody decree. That is not the case here because father has had physical custody of daughter for the past five years. Daughter has established herself in a new school and is doing well. She has friends, pets, a job, and responsibilities in her home with her father. Mother is not entitled to the presumption of the correctness of the decretal custody in these circumstances. The status quo would actually best be maintained by awarding father custody of daughter. *See* § 452.375.2(4).

Another consideration is the relationship between daughter and father. Section 452.375.2(3). Father has maintained a stable relationship with daughter and has taken responsibility for her. *See Friend v. Jackson*, 714 S.W.2d 953, 956 (Mo.App. 1986). In contrast, mother willingly relinquished physical custody of daughter to father and has maintained limited contact with her daughter since that time. It is noteworthy that mother has not made any effort in the past five years to get daughter back. *See Id.* Further, there was no evidence adduced concerning mother's home, community or her new husband.

Daughter's preference should also be considered. *Morrison v. Morrison*, 676 S.W.2d 279, 281 (Mo.App.1984); § 452.375.2(2). She is fifteen years of age and testified unequivocally that she wanted to remain with her father.

We presume that the trial court considered all the evidence and adjudicated the custody issue in a manner that he considered to be in the child's best interests. *Wilhelmsen*, 743 S.W.2d at 95. We acknowledge that the trial court is in a better position to judge factors such as credibility, sincerity, character and other intangibles that are frequently not revealed in a trial transcript. *Id.; Cantrell v. Adams*, 714 S.W.2d 211, 214 (Mo.App.1986). Although cognizant of the broad deference accorded the trial court, our review of the record leaves us with a firm belief that the judgment was against the weight of the evidence.

Our conclusion is supported by *Morrison*, 676 S.W.2d at 279. In *Morrison*, father was initially granted primary custody of the children. Mother was the parent who had actual custody of the children and was seeking legal custody. Mother was living with a man to whom she was not married. On appeal, the trial court's denial of mother's motion to modify custody was reversed. It was held that custody should be transferred to mother because: (1) father, as custodial parent, allowed the children to stay with mother for an extended period of time (one and one half years) without making any effort to regain physical custody of the children; (2) the children were now established in a new school and community; and (3) the children desired to remain with their mother. Modification is even more appropriate here because daughter has been living with father for over five years with no attempt by mother to regain physical custody.

Based on all the foregoing, we hold that the decree of dissolution should be modified to place legal custody of daughter with father.

■ In his second point, father argues that the trial court erred in refusing to grant him credit on his child support obligation based on the support he provided daughter since the time daughter came to live with him.

■ Generally no credit is allowed for child support paid other than as ordered by a dissolution decree. *Anderson v. Anderson*, 684 S.W.2d 942, 943 (Mo.App. 1985). An equitable exception to that rule allows a noncustodial parent credit for direct support provided for a child with the express or implied consent of the custodial parent. *Id.; Steger v. Steger*, 728 S.W.2d 651, 652 (Mo.App.1987); *Cooper v. Allstate Insurance Company*, 735 S.W.2d 204, 206 (Mo.App.1987). Although enacted after this case arose, the Missouri legislature has acknowledged this equitable exception with a recent amendment to § 452.340. *See* § 452.340.2, RSMo (Supp.1988).

The facts of this case fall within this equitable exception. Daughter has lived with father since August 1983 with the consent of mother. Father has supported her during that time period. Mother never requested child support payments during that time. Father is clearly entitled to a credit for his child support obligation. Additionally, father's future child support obligation should be terminated because we hold that the decree of dissolution should be modified such that father is legal custodian of daughter.

The judgment of the trial court is reversed and the case is remanded with directions to enter judgment awarding custody of daughter to father; to terminate father's future child support obligation and give father credit for child support payments since August 1983, and for such further orders not inconsistent with this opinion.

CRIST and DOWD, JJ., concur.