In re the MARRIAGE OF Marvin L. HOLEYFIELD and Evelyn V. Holeyfield.

Marvin L. HOLEYFIELD, Plaintiff–Respondent,

v.

Evelyn V. HOLEYFIELD (Mitchell), Defendant–Appellant.

No. 18133.

Missouri Court of Appeals, Southern District, Division Two.

Feb. 4, 1993.

Charles M. Wesley, Waynesville, for defendant-appellant.

No appearance, for plaintiff-respondent.

MONTGOMERY, Presiding Judge.

Evelyn V. Holeyfield (Mitchell) (Mother) appeals from an order of the circuit court which sustained Marvin L. Holeyfield's (Father) Motion to Quash Garnishment. The garnishment was issued January 10, 1992, in an attempt by the Mother to collect unpaid child support. The trial court determined that Father owed no child support to Mother. We affirm.

The marriage of the parties was dissolved on December 21, 1982. Mother was awarded custody of the parties' two minor children, Steven, born January 3, 1973, and Amanda, born June 16, 1981. Father was ordered to pay child support to Mother of $200 per month per child beginning January 5, 1983.

The trial court ruled Father's motion to quash on the basis of the parties' Stipulation of Facts filed March 17, 1992. For brevity's sake, we paraphrase the following relevant facts.

After the dissolution of marriage, Mother returned to South Carolina with the minor children. Steven became uncontrollable and went to live with his Father in July of 1986. Father stopped child support payments for Steven in April of 1988. With

Mother's consent, Amanda was allowed to live with Father for two weeks in July of 1988 because Mother was seriously injured in an auto accident. Afterwards, Father refused to return Amanda and stopped paying child support for her in February of 1989.

Father filed a motion to modify custody on January 3, 1989. Regarding that motion, the parties filed a stipulation of facts on June 1, 1990, indicating a change of circumstances had occurred; that primary physical custody of Amanda and Steven should be placed with Father; and that Mother pay Father child support for Amanda in the amount of $50 monthly for the months of September through May commencing January 1992. Extensive visitation with Amanda was granted to Mother. The June 1, 1990, stipulation indicated that Mother would pay no child support for Steven.[1] The stipulation regarding the motion to quash indicated that Mother had no obligation to pay support for Steven since he was considered emancipated at that time.

After June 1, 1990, both parties filed motions and counter-motions to modify custody of Amanda. On July 10, 1991, a decree of modification was entered where Father was granted primary physical custody of Amanda with extensive visitation to Mother. Mother was ordered to pay $50 monthly child support for Amanda similar in terms to the June 1, 1990, stipulation. Neither the June 1, 1990, stipulation nor the modification decree entered July 10, 1991, specifically provided that Father's support obligation was terminated for either child.

Based on the above stipulation of facts, the trial court entered an order sustaining Father's motion to quash. No basis for that ruling appears in the order.

In Mother's sole point relied on, she asserts:

> The trial court erred in sustaining Plaintiff's Motion to Quash Garnishment

for the reason that the garnishment was predicated on a dissolution of marriage decree of December 21, 1982 that was modified on July 10, 1991. The modification specifically provided that the original decree, in all other respects shall remain in full force and effect.

■ Clearly, Mother's point falls woefully short of compliance with the "wherein and why" requirement of Rule 84.04(d).[2] We could properly hold that Mother's point has not been preserved for our review. Rule 84.13(a). However, because the interests of minor children are involved, we review the trial court's ruling to determine if it was based on plain error affecting substantial rights of the Mother regarding child support which resulted in manifest injustice or a miscarriage of justice. Rule 84.13(c). *See Schupbach v. Schupbach,* 760 S.W.2d 918, 920 (Mo.App.1988).

■ Our reading of the argument portion of the Mother's brief sheds sufficient light to hopefully understand her claim of error. As we fathom it, Mother asserts the trial court erred in quashing her garnishment because (a) the original decree was not modified by the stipulation and order entered June 1, 1990, since no hearing was held and (b) the modification decree of July 10, 1991, determined Father's obligation to pay child support continued until Mother was ordered to pay Father child support commencing January 5, 1992, for Amanda. This argument does not square with that presented to the trial court. There, Mother's suggestions of law requested back child support only to July 10, 1991, the date the modification decree was entered. We must consider only the child support allegedly due prior to July 10, 1991, because Mother is bound by the position she took in the trial court. *Spicer v. Farrell,* 650 S.W.2d 695, 697 (Mo.App.1983). An appellate court will review a case only upon the theory tried. *Id.*

Father has filed *no* brief with this Court but, according to Mother, he relied on

---

1. The docket entry of June 1, 1990, reads: "Motion to Modify granted per Stipulation filed." The docket entry does not reflect an evidentiary hearing was held.

2. Rule references are to Missouri Rules of Court (1992), unless otherwise indicated.

§ 452.340.2, RSMo Cum.Supp.1988 [3], in the trial court. Presumably, the trial court considered that statute in its ruling.

Where the facts are stipulated, as here, the only question before this Court is whether the trial court drew the proper legal conclusions from the facts stipulated. *Western Cas. & Sur. Co. v. Kohm*, 638 S.W.2d 798, 799 (Mo.App.1982). No findings of fact or conclusions of law were requested by either party and none were made. In this circumstance, we "must affirm the judgment of the trial court if we can find it to be correct under any reasonable theory supported by the evidence." *Id.* The ruling of the trial court is presumptively correct, and the mother has the burden of demonstrating that the judgment is erroneous. *Assemblies of God v. Hendricks*, 807 S.W.2d 141, 146 (Mo.App.1991).

A reasonable theory which supports the trial court's ruling is the application of § 452.340.2 to the stipulated facts. That section provides:

> The obligation of the noncustodial parent to make support payments shall abate, in whole or in part, for such periods of time in excess of thirty consecutive days that the custodial parent has voluntarily relinquished physical custody of a child to the noncustodial parent, notwithstanding any periods of visitation or temporary custody pursuant to a decree of dissolution or legal separation or any modification thereof.

Without doubt, Mother voluntarily relinquished custody of both children to Father who retained custody for a period of time long in excess of thirty days. Under the statute his child support abated for such periods of custody in excess of thirty days.

The stipulated facts reveal no objection by Mother to Father's retention of Amanda's custody even though Father was to retain such custody for only two weeks. Furthermore, the facts show no effort by Mother to later regain custody of Amanda prior to her June 1, 1990, stipulation.[4] The trial court had a factual basis to determine Mother's voluntary relinquishment of Amanda's custody continued after the original two-week period due to Mother's inaction and her stipulation of June 1, 1990, that Father was entitled to custody.

Father paid child support for Amanda through January of 1989 after his custody commenced the previous year. The trial court could have properly concluded Father's child support abated, under § 452.340.2, from February of 1989 to July 10, 1991. Concerning Steven, Father obtained his custody in 1986 and stopped paying child support for him in April of 1988. The trial court could properly find an abatement of child support for Steven after passage of § 452.340.2, effective August 13, 1988. Commencing September 13, 1988, the provisions of the statute would abate Father's child support for Steven to July 10, 1991. Father's support obligation regarding Steven from April of 1988 to September 13, 1988, will be addressed later.

Mother argues § 452.340.2 does not apply because (1) she did not voluntarily relinquish Amanda's custody to Father since she only consented for her to stay two weeks, (2) the Father never requested the court to abate child support, and (3) the stipulation of June 1, 1990, was unenforceable because there was no hearing. These arguments are unpersuasive.

Addressing (1), the statute speaks of abatement when the custodial parent "has voluntarily relinquished physical cus-

---

**3.** § 452.340 was amended in 1988 with the enactment of H.B.s 1272, 1273 and 1274. The addition of subsection 2 became effective August 13, 1988.

**4.** Apparently, Mother filed a petition for custody of Amanda on June 13, 1991. Father filed an answer and cross-petition in response. The record is unclear if the modification decree of July 10, 1991, was in response to these pleadings. What is clear is that Mother considered the stipulation and docket entry of June 1, 1990, as an award of Amanda's custody to Father. Otherwise, it was unnecessary for Mother to request a modification of Amanda's custody. Mother's legal file contains none of the pleadings in this case. We are entitled to assume that the omitted portions of the record are not favorable to Mother and that is why they were not included. *Daniels v. Griffin*, 769 S.W.2d 199, 201 (Mo.App. 1989); Rule 81.12(a).

tody." The stipulated facts reveal Mother did exactly that. After two weeks of Father's custody the Mother made no effort to regain custody of Amanda nor did she object to Father's continuation of custody. These actions of Mother, coupled with her June 1, 1990, stipulation conceding custody of Amanda to Father, provide a basis for the trial court to find an abatement under the statute. Mother cites no cases to the contrary and our research has found none. Mother has the burden to show the trial court's ruling was erroneous, *Assemblies of God*, 807 S.W.2d at 146, and she fails to meet that burden.

■ Regarding (2), Father is not required by the statute to request an abatement. The statute provides for an abatement by operation of law upon the occurrence of certain facts which clearly appear in this case.

■ Mother's argument (3) seems to be based on *State ex rel. Perrella v. McGuire*, 757 S.W.2d 223 (Mo.App.1988), where we held a trial court is not authorized to modify a decree regarding child custody "without holding a hearing and receiving evidence in support of a proper application." *Id.* at 225. The issue here is not the enforceability of the stipulation or order of June 1, 1990. Only the facts stated in the stipulation were relevant to the trial court's determination of abatement.

■ Our remaining concern is child support for Steven from April of 1988 to September 13, 1988. Section 452.340.2 does not apply to this time period since it became effective August 13, 1988. We believe the trial court could have found Father was entitled to a credit for this time period for child support directly provided to Steven. This case is exactly like *Indermuehle v. Babbitt*, 771 S.W.2d 873 (Mo. App.1989). There, daughter went to live with father with the consent of mother. Father supported daughter during that time period and mother requested no child support for such time period. The Court determined father was entitled to a credit

after recognizing, in general, no credit is allowed for child support paid other than as court-ordered. The Court applied an equitable exception to that rule which "allows a noncustodial parent credit for direct support provided for a child with the express or implied consent of the custodial parent." *Id.* at 875. Here, Steven was expressly allowed to live with Father who supported him. During that time period Mother never requested child support.[5]

Under our plain error review, we find no error in the trial court's ruling that resulted in manifest injustice or a miscarriage of justice. The judgment is affirmed.

FLANIGAN and GARRISON, JJ., concur.

---

**5.** Without regard to the application of § 452.-340.2, we believe the trial court was entitled to apply the equitable exception followed in *Inder-* *muehle* to the entire time Father cared for Steven. Such application would also result in no child support due mother for the son.