**Sandra Alene COOPER, Respondent,**

v.

**Jerry Don COOPER, Appellant.**

No. 19388.

Missouri Court of Appeals,
Southern District,
Division One.

Jan. 31, 1995.

**840**

John S. Dolence, Sims, Bridges, Dolence & Higdon, Neosho, for appellant.

Robert W. Evenson, Evenson, Carlin & LePage, Pineville, for respondent.

MONTGOMERY, Judge.

This is an appeal from a judgment terminating the non-custodial parent's obligation to pay child support. On April 19, 1990, the Circuit Court of McDonald County dissolved the marriage of Jerry Don Cooper (Father) and Sandra Alene Cooper (Mother). The decree awarded Mother the custody of the parties' three minor children, and Father was ordered to pay child support in the amount of $111 per month per child. After awarding the marital home to Father, Mother was awarded a judgment against him for $18,910 which the decree denominated as a judgment lien against the real estate. This sum represented one-half of the parties' equity in the real estate and was made in furtherance of the trial court's division of property.

After Mother remarried in 1991, she voluntarily gave Father custody of the minor children. On August 20, 1992, the court modified the original decree by granting Father custody of the children and ordering Mother to pay child support in the total amount of $400 monthly.

Although the dates are unclear from the record, Father defaulted on his bank loan which was secured by the marital home. The bank foreclosed and Father's aunt and uncle bought the property at the foreclosure sale.

After Mother remarried and gave birth to another child, she quit her job with the State Bank of Noel on January 8, 1993. She moved for a modification of her child support obligation claiming she was unable to work, needing instead to care for her baby. Father's answer admitted that Mother voluntarily terminated her bank job but alleged that she was "employable." On April 27, 1993, the trial court found "that there is a substantial and continuing change of circumstance since the time of the last modification order affecting [Mother's] ability to pay child support, in that, [Mother] is no longer employed and has a one year old child to care for." However, the court also found that Mother "is capable of garnishing at least 10% of [Father's] wages, but has not done so and, therefore, has some financial means to pay the child support order." Mother's child support obligation was then decreased to $64.80 payable every other Friday. Neither side appealed from this judgment.

When Father's wages were garnished, he filed a bankruptcy petition on August 18, 1993, and the automatic stay ended Mother's garnishment efforts. Mother's judgment was later discharged.

Mother filed the instant motion to modify in August 1993 claiming that she had no means to pay any child support because of Father's bankruptcy. Father filed a counter-motion requesting that Mother be ordered to pay a reasonable amount of child support because Mother's lack of employment was a voluntary reduction in earnings "to avoid paying child support." After a hearing the trial court entered an order on January 4, 1994, abating Mother's child support obligation as of November 1, 1993, and denying Father's countermotion. Father appeals.

In his first point, Father asserts that the trial court erroneously failed to impute an income to Mother for child support purposes because she voluntarily declined to work. As a result, says Father, the judgment is against the weight of the evidence, is not supported by substantial evidence, and reflects an abuse of discretion. His last point alleges that the trial court misapplied the law in finding that a substantial and continuing change of condition occurred as a result of Father's bankruptcy without considering Mother's earning capacity and her financial resources. Neither point has merit.

■ Initially we note that our standard of review requires that we affirm the trial court's ruling unless it is unsupported by substantial evidence, unless it is against the weight of the evidence, or unless it misstates or misapplies the law. *Boudreau v. Benitz,* 827 S.W.2d 732, 733 (Mo.App.1992). Under Rule 73.01(c)(2), we give due regard to the trial court's opportunity to judge the credibility of the witnesses. The trial judge may believe or disbelieve all, part, or none of the testimony of any witness, and the court may disbelieve testimony even when uncontradicted. *Nix v. Nix,* 862 S.W.2d 948, 951 (Mo. App.1993). Finally, we view the evidence and permissible inferences therefrom in the light most favorable to the trial court's order and disregard all contrary evidence and inferences. *Mehra v. Mehra,* 819 S.W.2d 351, 353 (Mo. banc 1991).

■ As we understand Father's first point, he complains that the trial court erro-neously denied his countermotion. He ar-gues that Mother voluntarily refused to work because she believed that she is the best caretaker of her two-year-old baby who suf-fers from chronic ear infections. Because she is able-bodied with a good history of prior employment, Father argues that the court should have imputed income to her for child support purposes.

Father's argument fails to recognize that the trial court ruled on precisely the same scenario just a few months earlier. The April 1993 modification judgment determined that Mother quit her job in order to care for her one-year-old child, found that to be a substantial and continuing change of circum-stance, and reduced Mother's child support obligation presumably to the amount collecta-ble from a garnishment of Father's wages. The court apparently made that determina-tion because Mother's judgment against Fa-ther was her only source of income. In short, Father has failed to plead or prove any facts in the instant proceeding arising since the last modification.

■ Section 452.370.1, RSMo Supp.1993, provides that in a proceeding for modification of child support, the award "may be modified only upon a showing of changed circum-stances so substantial and continuing as to make the terms unreasonable." In consider-ing whether there has been a sufficient change of circumstances to warrant modifica-tion, we look to the date of the last prior modification. *In re Marriage of Goodrich,* 622 S.W.2d 411, 413 (Mo.App.1981).

*Gori v. Gori,* 490 S.W.2d 282 (Mo.App. 1973), is a case involving these principles. There, on ex-wife's motion to modify, her child support award was increased from $45 weekly to $90 weekly. Her evidence indicat-ed that the needs of the children had expand-ed, and her ex-husband's income had in-creased substantially since the divorce. Ex-husband did not appeal.

Six months later ex-husband filed a motion to modify seeking to reduce the $90 weekly award. He contended that " 'the testimony

of plaintiff in regard to defendant's earnings was incorrect. Defendant's present earnings are substantially less than as testified to by plaintiff on April 23, 1971 and constitute a substantial change in conditions.'" *Id.* at 283. The trial court again modified the decree and lowered ex-husband's child support obligation even though his evidence showed no income changes occurring after the April 1971 modification. The appellate court said:

> [Defendant] may succeed only on evidence of new conditions occurring since the last preceding decree of modification. Defendant had no such evidence. The preceding modification was a final judgment, unappealed from, and was res judicata as to all matters then adjudicated, including the $90 weekly child support allowance. Since defendant failed to show a change in circumstances occurring after the original modification the trial court erred in granting his present motion to modify.

*Id.* at 284 (citations omitted).

The similarities between the instant case and *Gori* are obvious. As in *Gori*, Father did not appeal from the April 1993 modification judgment. A few months later Father filed a countermotion to modify contending Mother's lack of employment was a voluntary reduction in earnings to avoid paying child support. Similar to *Gori*, the essence of Father's countermotion is that Mother's previous motion to modify was based on incorrect evidence about her ability to work. In both cases the moving party failed to show new conditions arising since the last modification decree.

Therefore, we determine that the trial court correctly denied Father's countermotion because the preceding modification was a final judgment, unappealed from, and was res judicata as to all matters then adjudicated, including whether Mother voluntarily reduced her earnings to avoid paying child support.

Father's remaining point urges that the trial court abused its discretion and misapplied the law in finding that the Father's bankruptcy was a substantial and continuing change of condition without considering Mother's earning capacity and her financial resources.

Father's point refers to the trial court's finding "that there are substantial and continuing change of circumstances since the entry of the previous Decree, wherein, the Respondent's debts have decreased substantially due to discharge in bankruptcy and the Petitioner's assets have decreased substantially due to the Respondent's discharge of her Judgment against him...."[1] No additional findings were made.

Because Father's point is no model of clarity, we look to the argument section of his brief for better comprehension of his complaint. There, Father succinctly states his position by saying, "The trial court failed to follow all of the requirements of § 452.370. The order of the court references only the fact that Husband's debts have decreased and Wife's assets have decreased as a result of a bankruptcy. This narrow examination of Wife's financial resources does not comply with the law."

Section 452.370.1 provides that in considering modification of child support the court "shall consider all financial resources of both parties, including the extent to which the reasonable expenses of either party are, or should be, shared by a spouse ... and the earning capacity of a party who is not employed."

In essence, Father asserts that the trial court did not consider the Mother's financial resources or her earning capacity because the judgment failed to mention these factors. However, Father did not request findings on any specified fact issue. Consequently, we regard all fact issues as having been found in accordance with the result reached. Rule

---

1. Father does not argue that his bankruptcy may not be considered in determining whether Mother's circumstances have changed sufficiently to justify modification of child support. *See Dim-* *mitt v. Dimmitt,* 849 S.W.2d 218, 221 (Mo.App. 1993) (effect of bankruptcy regarding modification of maintenance).

73.01(a)(2); *In re Marriage of Riley*, 817 S.W.2d 644, 647 (Mo.App.1991). In that situation, we must affirm the trial court's judgment if it is correct under any reasonable theory supported by the evidence. *In re Marriage of Holeyfield*, 847 S.W.2d 175, 178 (Mo.App.1993).

The meager evidence presented in this case fails to show any assets owned by Mother (except the judgment discharged in bankruptcy). The record contains evidence that Mother's present husband is gainfully employed although his income is not revealed. Mother testified that she has remained unemployed in order to care for her child who suffers from chronic ear infections. Father testified that he receives $1404 gross monthly income from his employment. Therefore, viewed in the light most favorable to the trial court's order, the judgment is supported by substantial evidence concerning the factors set forth in § 452.370.1. Father's last point is meritless.

The judgment is affirmed.

SHRUM, C.J., and FLANIGAN, J., concur.